JS-6 - O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0833 AHM (JTLx) | | Date | July 6, 2009 |
|---|---|---|---|---|
| Title | LA PRINTEX INDUSTRIES, INC. v. DILLARD'S, INC., et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

    Plaintiff LA Printex Industries, Inc. ("LA Printex") filed this copyright action on February 7, 2008 against Defendants Dillard's, Inc., Kellwood Company ("Kellwood"), and Lia Renee, Inc. The case was set for a five day jury trial to be held on June 30, 2009, with a pre-trial conference on June 15, 2009. On June 12, 2009, the Court vacated the pre-trial conference and trial date and ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute, failure to comply with this Court's orders, and failure to comply with this district's local rules. Plaintiff has not established cause for its complete disregard for the timely prosecution of its case and this Court's orders and rules. The Court therefore DISMISSES Plaintiff's case, but does not adjudicate the merits of its claims. Pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over the state law cross-claims brought by Kellwood.

    As recounted in this Court's June 12, 2009 Order, Plaintiff repeatedly failed to comply with this Court's orders. On August 18, 2008, the Court held a scheduling conference at which it ordered that "[w]ithin one week following conclusion of the [mandatory] mediation, plaintiff shall file another status report notifying the Court of the outcome." Docket No. 16. On that same day, the Court issued a Scheduling and Case Management Order, in which it set March 30, 2009 as the last day to conduct the settlement conference. Docket No. 17. On August 28, 2008, Plaintiff filed a status report stating that the parties selected an attorney settlement officer, and informed him of the date mediation must be completed. However, Plaintiff never filed a status report on whether the mediation was ever held, let alone a report on its outcome.

    In addition to failing to notify the Court of the settlement, Plaintiff failed to file the required pre-trial documents, or to timely explain its failure. The Court's August 18,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0833 AHM (JTLx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LA PRINTEX INDUSTRIES, INC. v. DILLARD'S, INC., et al. | | |

2008 Order stated that the proposed Pre-Trial Conference Order "shall be lodged seven calendar days before the [Pre-Trial Conference]." Docket No. 17 at 10. That Order also stated that "[t]he parties must comply fully with the requirements of Local Rule 16. They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with Local Rule 16." *Id.* at 11. The Order explained, in bolded text, that absent a satisfactory explanation for failing to file the required pre-trial documents the case would be dismissed for failure to prosecute. Plaintiff filed none of the required pre-trial documents.

  Plaintiff's "explanations" for its failures are wholly inadequate. In response to the Court's June 12, 2009 Order to Show Cause, Plaintiff's attorney stated that Plaintiff and Lia Renee, Inc. finalized a written settlement agreement on January 27, 2009 that resolved the case against all of the defendants. Linde Decl. ¶ 9. Plaintiff failed, however, to file any notice of settlement. The only explanation offered by Plaintiff's attorney for this failure is that "because this matter settled outside the context of a mediation, I simply forgot to file such papers with the court." Linde Decl. ¶ 12. Even though the terms of the settlement were confidential, Plaintiff could have filed a notice of settlement, or sought permission to file the settlement under seal and *in camera*.

  Plaintiff's counsel states that on June 1, 2009 counsel for Lia Renee, Inc. advised him that Lia Renee, Inc. rescinded the settlement, and wanted to proceed to trial. That same day, Lia Renee, Inc. filed various pre-trial documents. But eleven days passed without any word from LA Printex, and with the June 15, 2009 pre-trial conference looming the Court issued its Order to Show Cause. Even if Plaintiff's first notice of Lia Renee, Inc.'s purported rescission was June 1, 2009 — an assertion contested by Lia Renee, Inc.'s counsel — Plaintiff could have and should have informed this Court immediately of the status of the case, and the reason why it had not filed the mandated papers. Plaintiff's attorney states that he "began preparing such documentation," and on June 7, 2009 (several days after he learned of the rescission) he sought permission from Lia Renee's attorney to file a copy of the settlement agreement. But Plaintiff could have immediately sought permission to file the settlement agreement *in camera* to allow the Court to determine whether to enforce it. At the very least, Plaintiff's attorney could have filed a declaration similar to the one he finally filed on June 22, 2008. Only after L.A. Printex committed its procedural failures and the Court issued its Order to Show

JS-6 - O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0833 AHM (JTLx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LA PRINTEX INDUSTRIES, INC. v. DILLARD'S, INC., et al. | | |

Cause did Plaintiff try to seek belated relief.

In addition, L.A. Printex has not pursued its claims against Kellwood or Dillard's, Inc. (which was not a party to the cross-claim brought by Kellwood against Lia Renee, Inc.). Failure to prosecute the claim against these parties means that they are entitled to the dismissal of the claims against them. Parties choosing to litigate — or more precisely, not to prosecute asserted claims — must live with the consequences. They have no right to have this Court rescue them from their decisions.

Lia Renee, Inc. does not seek, and is not entitled to, a ruling on the merits of Plaintiff's case against it or any of the other defendants. It appears that Lia Renee, Inc. reneged on its agreements with L.A. Printex and with Kellwood. If so, those parties have a right to pursue breach of contract claims — but they must do so in state court. The dismissal of this case may not be used to support any of Lia Renee's arguments or contentions as to the settlement agreements, much less on the merits of the claims and cross-claims.

For these reasons, the Court DISMISSES L.A. Printex's action in its entirety.

The Court DENIES Kellwood's "Application for Re-opening of Case Following Breach of Settlement"[1] Having dismissed L.A. Printex's case for failure to prosecute, the Court declines to exercise supplemental jurisdiction to resolve Kellwood's state law claims for breach of contract, breach of warranty, and declaratory judgment, and thus DISMISSES Kellwood's cross claims.[2] The Court also denies Kellwood's request to hold a status conference.

/ / /

---

[1] Docket No. 46.

[2] Docket No. 29.

Case 2:08-cv-00833-AHM-JTL   Document 48   Filed 07/06/09   Page 4 of 4   Page ID #:308

JS-6 - O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0833 AHM (JTLx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LA PRINTEX INDUSTRIES, INC. v. DILLARD'S, INC., et al. | | |

No hearing or status conference is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.  The Clerk is thus ORDERED to close this case.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |